# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 4:23-cv-00823 ) |
| ANDREW HOLSCHEN | ) **Petition to Compel Individual Arbitration** ) ) |
| Respondent. | ) |

## PETITION TO COMPEL INDIVIDUAL ARBITRATION
## AND FOR DECLARATORY JUDGMENT

Cellco Partnership d/b/a Verizon Wireless ("Petitioner" or "Verizon"), by and through its counsel, for its Petition to Compel Individual Arbitration against Andrew Holschen ("Respondent" or "Holschen") alleges on knowledge as to its own actions, and otherwise upon information and belief as follows:

## PRELIMINARY STATEMENT

1. Petitioner seeks an order compelling Mr. Holschen to arbitrate his dispute pursuant to the Customer Agreement (the "Agreement") entered into between Verizon and Mr. Holschen. Ex. 1 (Verizon Customer Agreement Oct. 2021); Ex. 2 (Declaration).

2. The Agreement requires disputes to be resolved "in arbitration or small claims court." Ex. 1 at CA-P.1.

3. Paragraph 3 of the Agreement prohibits "class or collective arbitrations," thereby requiring resolution of each claimant's dispute on an individual basis based on the merits of "that party's individual claim," and not based on "class" or "representative" or other non-individual proof and theories of liability.  Ex. 1 at CA-P.6.  Paragraph 3 also states that "any question

regarding the enforceability or interpretation of this paragraph shall be decided by a court and not the arbitrator." *Id.*

4. On or about May 31, 2022, Respondent filed a demand to arbitrate through the American Arbitration Association ("AAA") challenging certain administrative charges associated with his Verizon wireless service.[1]  Ex. 3 (Holschen Initial Petition).

5. Respondent initiated this demand to arbitrate through AAA for himself only, and in that demand expressly "opt[ed] out of any and all past, present, and future classwide arbitrations" relating to Verizon's administrative charge.  Ex. 3 at 4.

6. On or about September 16, 2022, despite opting out of any "future classwide arbitrations," Respondent subsequently amended his demand by filing a "class action petition" on behalf of himself and "similarly situated individuals."  Ex. 4 (Holschen Class Action Petition) at 1.

7. In his Class Action Petition, Holschen acknowledged that the dispute is governed by the Agreement and that Paragraph 3 of that Agreement "doesn't allow class or collective arbitrations." *Id.* at 1-2.

8. However, in an attempt to circumvent the Agreement's clear and unambiguous class wavier, Holschen claimed Paragraph 3 should not apply because it "directly conflict[s]" with Paragraph 6, which requires an administrative process if 25 or more customers initiate notices of dispute raising similar claims and counsel for those customers is the same or coordinated.  Under that administrative process, the parties select bellwether claims to proceed in individual arbitration from the large pool individual claims filed by the same or coordinated counsel.

---

[1] These charges, which comply with all pertinent laws and regulations, typically totaled between $1.23 and $3.30 per line during the five years preceding the Respondent's petition.

9.     Holschen also claimed that the "remedy" for this purported conflict between Paragraphs 3 and 6 of the Agreement is "to strike/sever the conflicting paragraphs." *Id.* at 3. In Holschen's unreasonable view, Paragraphs 3 and 6 were "nullified," and Holschen was free to pursue class arbitration. *Id.*

10.    1n his Class Action Petition, Respondent expressly states that he "is not asserting either paragraph [3 or 6] is unenforceable or unconscionable." *Id*. at 15.

11.    On March 29, 2023, Verizon moved to strike Holschen's class allegations because they expressly violated the unambiguous language of the Agreement which prohibits "class or collective arbitrations," nor was there a conflict between Paragraph 3 and 6 of the Agreement. Ex. 1 at CA-P.6, *see also* Ex. 5 (Verizon's Rule 24 Motion to Strike and Rule 33 Dispositive Motion)[2] (the "Motion to Strike").[3]

12.    On May 18, 2023, the arbitrator denied Verizon's Rule 24 Motion to Strike and Rule 33 Dispositive Motion, Ex. 6 (Arbitrator's Order, May 18, 2023), and did not rule on the purported conflict between Paragraphs 3 and 6 of the Agreement. The arbitrator subsequently set a deadline of June 26, 2023, for Holschen to file a motion for class certification.

13.    As a result of the arbitrator's denial to strike Respondent's class allegations, Verizon seeks an order from this Court under the Federal Arbitration Act (9 U.S.C. § 4) compelling Respondent to arbitrate his dispute as an individual claimant pursuant to the terms of the Agreement.

---

[2] Rule 24 (Written Motions) and Rule 33 (Dispositive Motions) reflect the AAA's Consumer Rules.

[3] The exhibits originally attached to Exhibit 5 have not been included in this filing because several of these exhibits are duplicative of others already attached to this petition. They will be produced upon request.

14. Respondent must be compelled to individual arbitration because (1) the unambiguous language of the Agreement prohibits "class or collective arbitrations," Ex. 1 at CA-P.6; (2) class waivers are enforceable under *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011) and its progeny; (3) there is no conflict between Paragraph 3 and 6 of the Agreement; and (4) even assuming *arguendo* there were a conflict, the appropriate relief cannot be class arbitration as the parties cannot be deemed to have consented to class arbitration absent an express agreement. *See e.g., Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681-682 (2010); *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019).

15. Similarly, the Respondent's underlying arbitration should be stayed until this Court compels individual arbitration. Based on the unequivocal language in the Agreement prohibiting class arbitration, Verizon is likely to win on the merits. Moreover, Verizon will be irreparably harmed if Respondent is allowed to commence class arbitration, including by the vast expense of litigating the question of class certification when it is clearly prohibited by the plain language of the Agreement. A stay is also consistent with judicial efficiency as it would prevent contradictory rulings from the Court and the arbitrator (and in doing so preserve future judicial resources). Likewise, a stay is consistent with the public interest in that it protects the fundamental principles of the Federal Arbitration Act. *See e.g., Concepcion,* 563 U.S. at 344.

## PARTIES

16. Cellco Partnership d/b/a Verizon Wireless is a general partnership formed under the laws of the State of Delaware and has its principal place of business in New York.

17. Cellco Partnership has three partners:

i) Bell Atlantic Mobile Systems, LLC, a Delaware limited liability company with a principal place of business in New Jersey and whose sole member is MCI Communications Services LLC. MCI Communications Services LLC is a Delaware

limited liability company with its principal place of business in New Jersey whose sole member is MCI International LLC.  MCI International LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is Verizon Business Network Services LLC.  Verizon Business Network Services LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is Verizon Business Global LLC.  Verizon Business Global LLC is a Delaware limited liability company with its principal place of business in New Jersey whose sole member is Verizon Communications Inc;

ii) GTE Wireless LLC, a Delaware limited liability company with a principal place of business in New Jersey whose sole member is Verizon Communications Inc.; and

iii) Verizon Americas LLC, a Delaware limited liability company with a principal place of business in New Jersey whose sole member is Verizon Communications Inc.

18. Verizon Communications Inc. is a publicly traded company incorporated in Delaware with a principal place of business in New York.

19. Respondent is an individual who resides in St. Louis, Missouri.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to the U.S. Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the matter in controversy of Respondent's class action allegations concern a proposed class that consists of more than 100 members and exceeds the sum or value of $5,000,000, exclusive of interests of costs.

21. In the arbitration proceeding, the Respondent's proposed class consists of Verizon customers who reside in the state of Missouri who were assessed the administrative fees challenged in Respondent's proposed class petition.  Counsel for Respondent has alleged that each claimant

5

seeks relief in excess of $10,000.  Verizon has more than 500 customers in Missouri who were assessed the administrative fees at issue in Respondent's petition.  Accordingly, the total matter in controversy exceeds the jurisdictional minimum. *See* Ex. 2 at ¶ 6.

22. Venue in the Eastern District of Missouri is proper because, pursuant to 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the District where the parties agreed to arbitrate any disputes between them. The parties agreed to arbitrate disputes in the county of the Respondent's billing address, which is St. Louis, Missouri.  Ex. 1 at CA-P.6.

## FACTS

23. Respondent, Andrew Holschen, has been a Verizon Customer since at least 2009 and remains one today.  *See* Ex. 2.

24. At the time Respondent became a Verizon customer and at various times during the course of his customer relationship with Verizon, Respondent signed and received receipts outlining the terms of his service and acknowledged that he "agree[d] to the VZW Customer Agreement (CA), including settlement of disputes by arbitration instead of jury trial…". *See e.g.,* Exhibit 7, SCR dated April 20, 2020; *see also* Ex. 2 at ¶¶ 7-8.

25. The Agreement that the parties have stipulated governs this dispute states[4]:

**HOW DO I RESOLVE DISPUTES WITH VERIZON?**

**WE HOPE TO MAKE YOU A HAPPY CUSTOMER, BUT IF THERE'S AN ISSUE THAT NEEDS TO BE RESOLVED, THIS SECTION OUTLINES WHAT'S EXPECTED OF BOTH OF US. YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT, AS DISCUSSED BELOW.**

Ex. 1 at CA-P.6.

---

[4] The parties have agreed that this matter is governed by the October, 2021, Customer Agreement which is attached as Exhibit 1.

26.     The Agreement also states that the "the Federal Arbitration Act applies to this Agreement," and that any disputes "will be resolved by one or more neutral arbitrators before the American Arbitration Association ("AAA") or Better Business Bureau ("BBB")."  *Id.*

27.     Paragraph 3 of the Agreement unambiguously states:

**THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS** EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD.  NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM.  NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYER FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT.  ANY QUESTION REGARDING THE ENFORCEABILITY OR INTERPRETATION OF THIS PARAGRAPH SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR.

*Id.* at CA-P.6 (bold in original removed, in part).

28.     The Agreement also administratively requires a bellwether process for individual arbitrations when 25 or more customers initiate notices of dispute raising similar claims and are represented by the same or coordinated counsel.  Specifically, Paragraph 6 of the Agreement coordinates the filing of the notices of dispute by specifying that 10 of those customer disputes will proceed simultaneously in individual arbitrations, with each party selecting five cases to move forward as bellwether proceedings:

IF 25 OR MORE CUSTOMERS INITIATE NOTICES OF DISPUTE WITH VERIZON WIRELESS RAISING SIMILAR CLAIMS, AND COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS BRINGING THE CLAIMS ARE THE SAME OR COORDINATED FOR THESE CUSTOMERS, THE CLAIMS *SHALL PROCEED IN ARBITRATION IN A COORDINATED PROCEEDING.*  COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS AND COUNSEL FOR VERIZON WIRELESS SHALL EACH SELECT FIVE CASES TO PROCEED FIRST IN ARBITRATION IN A BELLWETHER PROCEEDING. . . .

*Id.* at CA-P.6-P.7 (emphasis added).

29.     While Paragraph 3 ensures that claimants file only individual claims, Paragraph 6 outlines the procedure in the event 25 or more individual customers initiate notices of dispute that

7

raise similar claims and are noticed by the same or coordinated counsel. *Id.* In that event, Paragraph 6 complements Paragraph 3 by outlining the procedure by which to administer these multiple individual claims (i.e., the only types of claims allowed by Paragraph 3) brought by the same or coordinated counsel. *Id.*

30. On or about May 31, 2022, Amy Holschen, through counsel, sent Verizon and AAA a Petition styled as a "Demand For Arbitration and Opt-Out Notice." (the "Initial Demand") Ex. 3. The petition alleged a breach of contract related to administrative charges assessed by Verizon.[5]

31. Holschen's individual petition, consistent with the Agreement, included a section entitled "Opt-Out of Classwide Actions and Settlements" which expressly stated "Claimant opts out of any and all past, present, and future classwide arbitrations, class actions, representative actions, and all collective actions against Respondent and/or its affiliates…" Ex. 3.

32. Notwithstanding that the Agreement unambiguously prohibits class arbitrations and the prior express opt-out of class arbitrations in the original petition, Respondent Andrew Holschen who is the account holder and, upon information and belief, is related to original claimant Amy Holschen, subsequently amended the petition on or about September 16, 2022, seeking to pursue a "class action petition" in arbitration. *See* Ex. 4.

33. In his petition, Holschen acknowledged that the dispute is governed by Verizon's Wireless Customer Agreement and that Paragraph 3 of that Agreement "doesn't allow class or collective arbitrations." Ex 4. at 1-2. But he claimed Paragraph 3 should not apply because (1) it "directly conflict[s]" with Paragraph 6, which requires an administrative process where the parties select bellwether claims from a large pool of simultaneously filed individual claims; and (2) the

---

[5] Verizon denies any wrongdoing regarding its administrative charges and is defending these claims in arbitration.

"remedy" for this purported conflict between two provisions in the parties' contract is "to strike/sever the conflicting paragraphs." *Id.* at 3.

34. Verizon answered Holschen's petition in arbitration, requesting leave to file a dispositive motion under Rule 33 and to strike Holschen's class allegations under Rule 24. In the Answer, Verizon explained that Paragraphs 3 and 6 are not ambiguous, do not conflict, and that Paragraph 3's prohibition of "class or collective" arbitrations squarely applied. As such, Verizon requested that the arbitrator simply apply the unambiguous language of the class waiver and strike the class allegations. Verizon also explained that Holschen's claims failed on the merits because Verizon accurately and expressly disclosed the administrative charges in question.

35. On March 29, 2023, Verizon filed a Rule 24 Motion to Strike and Rule 33 Dispositive Motion. Ex. 5. In the motion, Verizon asserted that pursuant to the Agreement the arbitrator's authority is limited to applying the plain and unambiguous class waiver, and that the waiver should be upheld because, contrary to Holschen's allegations, Paragraph 3 (substantive prohibition on class and collective arbitrations and the attendant use of class wide proof) and Paragraph 6 (an administrative process where bellwether claims are selected from a large pool of simultaneously filed individual claims) do not "directly conflict with one another" or otherwise make it "impossible to harmonize these provisions when read together." *Id.* at 3-9. Verizon further asserted that even if the paragraphs did conflict (which they do not) the remedy could not be to allow class arbitration because class arbitration must be expressly contemplated and agreed upon by the parties. *Id.* at 9-10.[6]

---

[6] On April 13, 2023, Respondent filed his Response in Opposition to [Verizon's] Motion to Strike Class Allegations and Dispositive Motion. Exhibit 8. Verizon filed a reply brief on April 24, 2023. Exhibit 9.

9

36. On May 18, 2023, the arbitrator denied Verizon's Rule 24 Motion to Strike and Rule 33 Dispositive Motion. Ex. 6

37. As a result, Verizon seeks an order from this Court under the Federal Arbitration Act (9 U.S.C. § 4) compelling Respondent to arbitrate his dispute individually pursuant to the unambiguous terms of the Agreement.

38. Respondent must be compelled to individual arbitration because (1) the unambiguous language of the Agreement prohibits "class or collective arbitrations," Ex. 1 at CA-P.6; (2) class waivers are enforceable under *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011) and its progeny; (3) there is no conflict between Paragraph 3 and 6 of the Agreement; and (4) even assuming *arguendo* there were a conflict, there cannot be class arbitration absent an express agreement. *See e.g., Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681-682 (2010); *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019).

39. Paragraph 3 of the Agreement provides that "[a]ny question regarding the enforceability or interpretation of this paragraph shall be decided by a Court and not the Arbitrator." Ex. 1 at CA-P.6.  Paragraph 6 likewise grants authority to a Court "to enforce this clause." *Id*. at CA-P.7.

## COUNT ONE
**(Compel Arbitration under the Federal Arbitration Act)**

40. Petitioner repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth within.

41. Pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et seq.) ("FAA"), Petitioner seeks an order from this Court compelling Respondent to arbitrate his dispute individually pursuant to the terms of the Agreement.

42. One of the primary purposes of the FAA is to ensure the enforcement of private arbitration agreements according to their terms. *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1415-16 (2019); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l. Corp.*, 559 U.S. 662, 682 (2010).

43. The FAA "makes arbitration agreements 'valid, irrevocable and enforceable' as written." *Concepcion*, 563 U.S. at 344 (citing FAA § 2).

44. FAA Section 4 "requires courts to compel arbitration in accordance with the terms of the agreement." *Concepcion*, 563 U.S. at 344.

45. Class waivers are enforceable under *Concepcion,* 563 U.S. 333, and its progeny.

46. A party to an arbitration agreement, such as Verizon, cannot be subjected to class arbitration absent an express agreement. *See e.g., Stolt–Nielsen,* 559 U.S. 662, 681-682 (2010); *Lamps,* 139 S.Ct. 1407 (2019).

47. The Agreement between Verizon and Respondent requires disputes to be resolved individually "in arbitration or small claims court." Ex. 1 at CA-P.1.

48. The Agreement falls under Chapter 1 of the FAA. *See* 9 U.S.C. § 2.

49. The Agreement explicitly states that "the Federal Arbitration Act applies to the Agreement." Ex. 1 at CA-P.6.

50. The Agreement unequivocally states that "This Agreement Doesn't Allow Class or Collective Arbitrations" and grants the Court authority to resolve "[a]ny question regarding the enforceability or interpretation of this paragraph." Ex. 1 at para. 3 CA-P.6.

51. Despite this unambiguous provision, Respondent has filed a "class action petition" with AAA asserting claims on behalf of himself and "similarly situated individuals." Ex. 4 at 1.

52. As such, and consistent with the FAA §§ 2, 4, and controlling precedent, the Respondent must be compelled to individual arbitration pursuant to the terms of the Agreement.

## COUNT TWO
### (Declaratory Judgment)

53. Petitioner repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth within.

54. Under the Agreement, Verizon and Respondent agreed to resolve their disputes through bilateral arbitration, not through class arbitrations. Under the FAA, Verizon cannot be forced to arbitrate in a form or manner to which it has not agreed. *Stolt-Nielsen*, 559 U.S. at 684.

55. There is an actual and justiciable controversy between the parties as to the enforceability of Verizon's class arbitration waiver. Pursuant to Paragraph 3 of the Agreement "[a]ny questions regarding the enforceability or interpretation of this paragraph shall be decided by a court and not the arbitrator." Because Respondent has baselessly claimed that Paragraph 3 does not apply because it conflicts with Paragraph 6, it is necessary for this Court to enforce the clear and unambiguous class waiver included in the Agreement.

56. By reason of this actual and justiciable controversy, Verizon is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, as well as any necessary injunctive relief, declaring that Paragraphs 3 and 6 of the Agreement do not conflict and that Verizon shall not be subjected to class arbitration in this matter without its express consent.

## COUNT THREE
### (Stay of Respondent's Underlying Arbitration Proceeding)

57. Petitioner repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth within.

58. This Court should stay the Respondent's underlying arbitration proceeding against Verizon until such time this, or a similarly situated, Court rules on this Petition.

59. For the aforementioned reasons, Verizon is likely to win on the merits. The Agreement unequivocally prevents class arbitration, yet Plaintiff has proceeded in arbitration with a class.

60. Verizon will be irreparably harmed if Respondent is allowed to commence class arbitration contrary to the language of the Agreement, including being subjected to the vast expense of class arbitration.

61. A stay is consistent with judicial efficiency as it would prevent a ruling from the arbitrator that would contradict a future ruling of this Court. Additionally, it would limit costs related to class arbitration, including unnecessary and expensive discovery.

62. A stay is also consistent with the public interest in that it protects the fundamental principles of the Federal Arbitration Act.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated herein, Petitioner respectfully request that this Court enter an order:

1. Enforcing the parties' Agreement, including compelling Respondent to enter into individual arbitration per the express terms of the Agreement. Despite this unambiguous provision, Respondent has filed a "class action petition" with AAA asserting claims on behalf of himself and "similarly situated individuals." Ex. 4 at 1.

2. Granting declaratory judgment, as well as any necessary injunctive relief, declaring that Paragraphs 3 and 6 of the Agreement do not conflict and that Verizon shall not be subjected to class arbitration because the Agreement governing this dispute contains an express waiver of class arbitration.

3. Staying Respondent's underlying class arbitration until this, or a similarly situated, Court rules on this petition.

4.    Granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated:  June 26, 2023 | **Dowd Bennett LLP**<br><br>By:  */s/ Michelle D. Nasser*<br>Michelle D. Nasser<br>7676 Forsyth Blvd, Suite 1900<br>St. Louis, MO 63105<br>Phone: (314) 889-7300<br>Fax: (314) 863-2111<br>mnasser@dowdbennett.com<br><br>**HUNTON ANDREWS KURTH LLP**<br><br>Tara L. Elgie, *pro hac vice* forthcoming<br>Jacob J. Struck, *pro hac vice* forthcoming<br>Fountain Place<br>1445 Ross Avenue, Suite 3700<br>Dallas, TX 75202<br>Telephone: (214) 979-3000<br>Facsimile: (214) 880-0011<br>Telgie@hunton.com<br>JStruck@hunton.com<br><br>*Counsel for Plaintiff Cellco Partnership d/b/a Verizon Wireless* |