UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a )<br>VERIZON WIRELESS, )<br>    *Petitioners*, )<br>)<br>v. )<br>)<br>ANDREW HOLSCHEN, )<br>)<br>    *Respondent*. ) | Case No. 4:23-cv-00823 |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Respondent Andrew Holschen respectfully submits this response to Verizon's Notice of Supplemental Authority, Doc. 31, suggesting that this Court should not follow the opinion of the U.S. District Court for the Middle District of Florida.

The Florida district court did not address any of the arguments that Mr. Holschen made in the reply before this Court, rebutting Verizon's attempt to stretch the "look through" doctrine beyond the bounds set by the Supreme Court.

Thus, the Florida district court did not acknowledge, let alone address, the part of *Vaden v. Discover Bank* that requires taking "the entire, actual 'controversy between the parties,' *as they have framed it*." 556 U.S. 49, 66 (2009) (emphasis added). Again, it is not enough, the Supreme Court warned, that there *might* have been federal jurisdiction had the case been framed and litigated differently. *Ibid.* Instead, what "define[s] the parties' controversy" is the "actual litigation" precipitating the Section 4 petition. *Id.* at 68.

Indeed, the Florida district court did not even acknowledge that in *Vaden* the Supreme Court ultimately *denied* the FAA § 4 petition in that case. *Id.* at 66-72. Because the federal question in *Vaden* arose only in a counterclaim, and because federal question jurisdiction cannot be founded on the federal nature of a counterclaim, that meant federal courts would lack jurisdiction over the

subject matter of the relevant "controversy between the parties" in *Vaden*, requiring dismissal of the FAA petition. *Id.* at 70.

The Florida district court failed to appreciate that the same is true here. There might have been CAFA jurisdiction had Mr. Holschen filed his class claims in court. But because he filed the claims in arbitration, and because CAFA jurisdiction can only be founded on the nature of class claims filed in state court or directly in federal court, that means federal courts lack jurisdiction over the subject matter of the relevant "controversy between the parties" in this case, requiring dismissal of Verizon's FAA petition. *See, e.g.*, *id.* at 70.

|  |  |
|---|---|
| October 25, 2023 | Respectfully submitted, |
|  | */s/ Daniel Woofter* |
| Evan Murphy | Kevin K. Russell |
| MURPHY ADVOCATES LLC | Daniel Woofter |
| 1600 Broadway, Suite 1600 | GOLDSTEIN, RUSSELL & WOOFTER LLC |
| Denver, CO 80202 | 1701 Pennsylvania Ave., NW, Suite 200 |
| (314) 753-5212 | Washington, DC 20006 |
| evan@murphyadvocates.com | (202) 240-8433 |
|  | krussell@goldsteinrussell.com |
|  | dhwoofter@goldsteinrussell.com |

*Attorneys for Respondent Andrew Holschen*